**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| SAN MIGUEL HOSPITAL CORPORATION, d/b/a/ ALTA VISTA REGIONAL HOSPITAL, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Johnson & Johnson, *et al.*, <br><br> Defendants. | 1:23-cv-00903-KWR-JFR <br><br> The Hon. Judge Kea Riggs |

ORDER (I) PRELIMINARILY APPROVING SETTLEMENT PURSUANT TO FED. R. CIV. P. 23(e)(1), (II) APPOINTING THE NOTICE AND CLAIMS ADMINISTRATORS AND SPECIAL MASTER, (III) APPROVING FORM AND MANNER OF NOTICE TO CLASS MEMBERS, (IV) SCHEDULING A FINAL FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE SETTLEMENT, AND (V) GRANTING RELATED RELIEF

Before the Court is the Motion of proposed Settlement Class Counsel for Preliminary Approval of the Teva Defendants Class Action Settlement Agreement with Acute Care Hospitals (the "Preliminary Approval Motion"), pursuant to Rules 23(a), 23(b), and 23(e) of the Federal Rules of Civil Procedure, which seeks: (1) Preliminary Approval of the Settlement Agreement; (2) preliminary certification, for settlement purposes only, of the Settlement Class; (3) approval of the form and manner of the proposed Notice to the Settlement Class; (4) appointment of Interim Settlement Class Counsel; (5) appointment of Settlement Class Representatives; (6) appointment of the Notice and Claims Administrators; (7) appointment of the Special Master; (8) appointment of the Escrow Agent; (9) approval of the Escrow Agreement; (10) establishment of the Qualified Settlement Fund; (11) scheduling of a Fairness Hearing; (12) a stay of all proceedings brought by Releasors in the Action and Other Actions in any forum as to the Teva Defendants, and an injunction against the filing of any new such proceedings for Released Claims; and (13) a directive to the Settlement Class Representatives to file motions to sever and stay Other Actions as to the Teva Defendants, to the extent the Other Actions are not already stayed.

WHEREAS, an action is pending before this Court entitled *San Miguel Hospital Corp., d/b/a/ Alta Vista Regional Hospital v. Johnson & Johnson, et al.*, 1:23-cv-00903-KWR-JFR (D.N.M.) (the "Action");

WHEREAS, the Settlement Class Representatives, on behalf of the proposed Settlement Class, having made a motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action as to Defendants Teva Pharmaceuticals Industries, Ltd., Teva Pharmaceuticals USA, Inc., Cephalon, Inc., Actavis Pharma, Inc., Actavis LLC, Watson Laboratories, Inc. and Anda, Inc. (collectively, "Teva Defendants") in accordance with the Teva Defendants Class Action Settlement Agreement with Acute Care Hospitals (the "Settlement Agreement" or "Settlement"), which, together with the exhibits attached thereto, sets forth the terms and conditions for proposed Settlement of the Action and Other Actions as to the Teva Defendants and for dismissal of the Action

and Other Actions with prejudice as to the Teva Defendants upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the exhibits attached thereto;

WHEREAS, Teva Defendants do not oppose the Court's entry of the proposed Preliminary Approval Order;

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Settlement Agreement;

WHEREAS, this Court has considered all of the presentations and submissions related to the Motion, as well as the facts, contentions, claims, and defenses as they have developed in these proceedings, and is otherwise fully advised of all relevant facts in connection therewith;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Settlement Agreement and does preliminarily approve the Settlement between Plaintiffs and the Teva Defendants set forth therein as fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below.

2. The Settlement Class shall consist of all entities that fall within one or more of the following categories:

> (1) All Acute Care Hospitals in the United States that (a) are not owned or operated by a federal, state, county, parish, city, or other municipal government; and (b) treated patients diagnosed with opioid use disorder and/or other opioid-related conditions at any time from January 1, 2009, through the date of entry of the Preliminary Approval Order;
>
> (2) all entities listed on Exhibit A to the Settlement Agreement; and
>
> (3) all Plaintiffs in the Other Actions listed on Exhibit B to the Settlement Agreement.
>
> Exhibits A and B to the Settlement Agreement are non-exhaustive lists and do not purport to identify all members of the Class.

The following are excluded from the Settlement Class:

(1) Any Acute Care Hospital whose Released Claims have been released by any other settlement with Teva Defendants.

3. The Court preliminarily finds that the proposed Settlement Class satisfies all relevant requirements under Federal Rules of Civil Procedure 23(a) and 23(b)(3), for certification for settlement purposes only.

4. The Court preliminarily finds that the proposed Settlement of the Action between the Settlement Class Representatives and the Teva Defendants should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the Fairness Hearing described below.

5. The Court appoints as Interim Settlement Class Counsel John W. ("Don") Barrett ("Barrett") of Barrett Law Group, P.A.; Warren T. Burns of Burns Charest LLP; Robert A. Clifford of Clifford Law Offices, P.C.; Steven B. Farmer of Farmer Cline & Campbell, PLLC; Charles J. LaDuca of Cuneo, Gilbert, & LaDuca, LLP; and Steven A. Martino of Taylor Martino, P.C. Barrett is designated as Lead Counsel. Interim Settlement Class Counsel and Teva Defendants are authorized to take, without further Court approval, all necessary and appropriate steps to implement the Settlement, including the approved notice program.

6. The plaintiffs in the Action and the following Other Actions are appointed as Settlement Class Representatives: *Florida Health Sciences Center, Inc., et al. v. Richard Sackler, et al.*, Case No. 19-018882 (Cir. Ct. Broward Cnty., Fla.); *The DCH Health Care Authority, et al. v. Purdue Pharma, L.P., et al.*, Case No. CV-19-07 (Cir. Ct. Conecuh Cnty., Ala.); *Fort Payne Hospital Corporation, et al. v. McKesson Corporation, et al.*, Case No. 21-cv-2021-900016.00 (Cir. Ct. Conecuh Cnty., Ala.); and *Lester E. Cox Medical Centers d/b/a Cox Medical Centers, et al. v. Amneal Pharmaceuticals, LLC, et al.*, No. 6:22-cv-3192 (W.D. Mo.).

7. All litigation in any forum brought by or on behalf of a Releasor and that asserts a Released Claim, and all Claims and proceedings therein, are hereby stayed in all Courts as to the Released Entities, except as to proceedings that may be necessary to implement the Settlement. All Releasors are enjoined from filing or prosecuting any Claim in any forum or jurisdiction (whether federal, state, or otherwise) against any of the Released Entities, and any such filings are stayed; provided, however, that this Paragraph 7 shall not apply to any entity that files a timely and valid Opt-Out Form beginning as of the date such Opt-Out Form becomes effective. The provisions of this Paragraph will remain in effect until the earlier of (i) the Effective Date, in which case such provisions shall be superseded by the provisions of the Order Granting Final Approval, or (ii) the termination of the Settlement Agreement in accordance with its terms. This Order is entered pursuant to the findings under Federal Rule of Civil Procedure 23(e) set forth above, in aid of its jurisdiction over the members of the proposed Settlement Class and the settlement approval process under Rule 23(e).

8. If not already stayed, and to the extent not already filed, Interim Settlement Class Counsel is directed to file motions to sever and stay the Other Actions brought by the Settlement Class Representatives as to the Teva Defendants until the Court renders a final decision regarding the approval of the Settlement.

9. The Fairness Hearing shall be held before this Court on March 4, 2025, at 9:00 a.m., Mountain Time, at the United States District Court for the District of New Mexico, Pete V. Domenici Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM, 87102, 540 Bonito Courtroom, (A) to determine (i) whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court; (ii) whether the proposed Final Judgment as provided under the Settlement Agreement should be entered as to the Teva Defendants; (iii) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (iv) the amount of Attorneys' Fees and

4

Expenses; and (v) any Service Award to the Settlement Class Representatives; (B) to hear any objections by Settlement Class Members to (i) the Settlement or Plan of Allocation; (ii) the award of Attorneys' Fees and Expenses; and (iii) Service Awards to the Settlement Class Representatives; and (C) to consider such other matters the Court deems appropriate. The Court may adjourn the Fairness Hearing without further notice to the Settlement Class Members.

10. The assertion of an Objection does not opt the Settlement Class Member asserting it out of, or otherwise exclude that Settlement Class Member from, the Settlement Class. A Settlement Class Member within the Settlement Class can opt out of the Settlement Class and Settlement only by submitting a valid and timely Opt-Out Form in accordance with the provisions of Section V.G of the Settlement Agreement.

11. The Court approves, as to form and content, the Notice substantially in the form attached as Exhibit H to the Settlement Agreement.

12. The Court approves, as to form and content, the Registration Form, Claim Form, and Summary Notice (together, the "Notice Package"), substantially in the forms attached as Exhibits D, E, and I to the Settlement Agreement, respectively.

13. The Court finds that the distribution and posting of the Notice and Notice Package substantially in the manner and form set forth in Paragraphs 11 and 12 of this Order: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement Agreement and of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the United States Constitution (including the Due Process Clause), the Rules of this Court, and other applicable law.

14. The firms of A.B. Data Group and Cherry Bekaert Advisory, LLC (the "Notice and Claims Administrators") are hereby appointed to supervise and administer the notice procedure as well as the processing of claims as set forth more fully below.

15. The Honorable Thomas L. Hogan (Ret.) ("Special Master") is hereby appointed to oversee the process of allocating the Net Settlement Funds as provided in the Plan of Allocation.

16. Not later than November 20, 2024 (the "Notice Date"), the Notice and Claims Administrators shall commence distribution of the Notice Package to all Settlement Class Members that can be identified with reasonable effort and to be posted on the case-designated website, www.acutecarehospitalsettlement.com, according to the Notice Plan in the Declaration of Eric Schachter filed in support of Preliminary Approval. The Notice shall be given as soon as practicable after entry of this Order but not later than November 20, 2024.

17. No later than December 4, 2024, Interim Settlement Class Counsel shall serve on the Teva Defendants and file with the Court proof, by affidavit or declaration, of such distribution.

18. In accordance with Sections IV.E & F of the Settlement Agreement and the terms of the Escrow Agreement, the Court appoints Pinnacle Bank as Escrow Agent, which shall control and administer an Escrow Account to be established as set forth in the Settlement Agreement as a qualified settlement fund within the meaning of Treasury Regulation Section 1.468B-1. Within thirty (30) calendar days of entry of this Order, no later than November 30, 2024, the Teva Defendants shall pay their first settlement payment of one million U.S. Dollars ($1,000,000) into the Escrow Account. Within three (3) business days following the entry of the Preliminary Approval Order, no later than November 4, 2024, Interim Settlement Class Counsel will provide wire instructions and other information necessary for payment, pursuant to instructions to be communicated by Teva Defendants no later than the business day following the entry of the Preliminary Approval Order, or October 31, 2024. Any portion of this first settlement payment not used for Notice and Administrative Costs and Taxes or Tax Expenses

paid, incurred, or due and owing shall be returned to the Teva Defendants if, for any reason, the Settlement does not become final.

19. All fees and expenses incurred in identifying and notifying Settlement Class Members shall be paid from the Settlement Funds. The Escrow Agent may direct payment of up to $1,000,000 for reasonable Notice and Administrative Costs as approved by the Court. Any money paid for Notice and Administrative Costs shall not be returned or repaid to the Teva Defendants.

20. Consistent with the requirements of Federal Rules of Civil Procedure 1 and 23 and due process, the Notice and Claims Administrators shall coordinate with the Settling Parties to minimize costs in effectuating its duties.

21. All Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class, regardless of whether such Settlement Class Members or entities seek or obtain by any means, including, without limitation, by submitting a Registration Form, Claim Form, or any similar documentation, any Allocated Amount.

22. Settlement Class Members that wish to participate in the Settlement shall complete and submit Registration and Claim Forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Registration Forms and Claim Forms must be submitted no later than March 4, 2025. Any Settlement Class Member that submits a Registration Form and/or Claim Form shall reasonably cooperate with the Notice and Claims Administrators, including by promptly responding to any inquiry made by the Notice and Claims Administrators. Any Settlement Class Member that does not timely submit a Registration Form and/or Claim Form within the time provided shall be barred from sharing in the distribution of the proceeds of the Settlement but shall nonetheless be bound by the Settlement Agreement, the Final Judgment, and the releases therein, unless otherwise ordered by the Court.

23. The Registration Form and Claim Form must comply with the requirements set forth in the Settlement Agreement and any further requirements described in the forms attached as Exhibits D and E to the Settlement Agreement.

24. Any Settlement Class Member may enter an appearance in the Action, at the Class Member's own expense, individually or through counsel of the Settlement Class Member's own choice. If a Settlement Class Member does not enter an appearance, that Settlement Class Member will continue to be represented by Interim Settlement Class Counsel.

25. Any Settlement Class Member may appear, at the Court's discretion, at the Fairness Hearing and show cause why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why Attorneys' Fees and Expenses should or should not be awarded to Interim Settlement Class Counsel, or why an amount of Service Awards should or should not be awarded to the Settlement Class Representatives; provided, however, that no Settlement Class Member or any other entity shall be heard or entitled to contest such matters, unless that Settlement Class Member or entity has complied with Section V.F of the Settlement Agreement, including by (a) delivering by hand or first-class mail written Objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before January 6, 2025 by Interim Settlement Class Counsel and the Teva Defendants and (b) filing said Objections, papers, and briefs with the Clerk of the United States District Court for the District of New Mexico, 333 Lomas Blvd. NW, Albuquerque, NM 87102, on or before January 6, 2025.

26. Any Objections must: (a) state the name, address, and telephone number of the objector and must be signed by the objector even if represented by counsel; (b) state that the objector is objecting to the proposed Settlement, Plan of Allocation, the application for Attorneys' Fees and Expenses, and/or application for Service Awards to Settlement Class Representatives; (c) state the

8

Objection(s) and the specific reasons for each Objection, including any legal and evidentiary support the objector wishes to bring to the Court's attention; (d) state whether the Objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class; (e) identify all class actions to which the objector and its counsel have previously objected; (f) include documents sufficient to prove the objector's membership in the Settlement Class, such as the objectors' status as an Acute Care Hospital and its treatment of patients diagnosed with opioid use disorder; (g) state whether the objector intends to appear at the Fairness Hearing; (h) if the objector intends to appear at the Fairness Hearing through counsel, state the identity of all attorneys who will appear on the objector's behalf at the Fairness Hearing; and (i) state that the objector submits to the jurisdiction of the Court with respect to the Objection or request to be heard and the subject matter of the Settlement of the Action, including, but not limited to, enforcement of the terms of the Settlement. At the request of Interim Settlement Class Counsel, an objector shall submit to a deposition within thirty (30) days of the filing of the objection. The deposition shall be conducted at a mutually convenient time and place, and in accordance with the Federal Rules of Civil Procedure.

27. The Court will consider a Settlement Class Member's Objection only if the Settlement Class Member has complied with the above requirements. Any Settlement Class Member that does not object in the manner provided herein shall be deemed to have waived such Objection and shall forever be foreclosed from making any Objection to the fairness, reasonableness, or adequacy of the proposed Settlement, the Plan of Allocation, the Attorneys' Fees and Expenses, or to any Service Award, unless otherwise ordered by the Court. All presentations of Objections will be further limited by the information listed in the Objection. A Settlement Class Member's compliance with the foregoing requirements does not in any way guarantee that Settlement Class Member the ability to present evidence or testimony at the Fairness Hearing. The decision whether to allow any testimony, argument, or evidence, as well as the scope and duration of any and all presentations of Objections at the Fairness

9

Hearing, will be in the sole discretion of the Court. Settlement Class Members submitting written Objections are not required to attend the Fairness Hearing, but any Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of Attorneys' Fees and Expenses and/or Service Awards must file a written Objection and indicate in the written Objection its intention to appear at the hearing and to include in its written Objections the identity of any witnesses it may call to testify and copies of any exhibits it intends to introduce into evidence at the Fairness Hearing. Settlement Class Members do not need to appear at the Fairness Hearing or take any other action to indicate their approval of the Settlement.

28. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

29. The Court has reviewed the proposed Escrow Agreement and Section IV.E of the Settlement Agreement and approves the Escrow Agreement and Section IV.E of the Settlement Agreement and authorizes that the Escrow Account established pursuant to the Escrow Agreement be established as a "qualified settlement fund" within the meaning of Treasury Regulations 26 CFR § 1.468B-1. Such account shall constitute the Qualified Settlement Fund as defined in the Settlement Agreement. The Court shall maintain continuing jurisdiction over these proceedings (including over the administration of the Qualified Settlement Fund) for the benefit of the Settlement Class.

30. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Interim Settlement Class Counsel for attorneys' fees, charges, and expenses and Service Awards to the Settlement Class Representatives shall be filed and served by no later than December 20, 2024, and any reply papers, including any responses to Objections, shall be filed and served no later than February 3, 2025.

31. The Released Entities shall have no responsibility for the Plan of Allocation or any

application for Attorneys' Fees and Expenses submitted by Interim Settlement Class Counsel or any Service Award to the Settlement Class Representatives, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

32. The procedures for the submission of Opt-Out Forms set forth in Section V.G of the Settlement Agreement and the instructions in the Notice regarding the procedures that must be followed to opt out of the Settlement Class and Settlement are approved.

33. Any Settlement Class Member wishing to opt out of the Settlement Class and Settlement must submit a written and signed Opt-Out Form to the Notice Administrator and email it to Teva Defendants and Interim Settlement Class Counsel as set forth in the Notice. Such written request must be received by the Notice Administrator, Interim Settlement Class Counsel, and Teva Defendants no later than January 6, 2025, which is the last day of the opt out period (the "Opt-Out Deadline").

34. The Opt-Out Form must certify, under penalty of perjury in accordance with 28 U.S.C. § 1746, that the submitting entity is acting on its own behalf, is included in the Class definition, and is legally authorized to exclude itself from the Settlement and must: provide an affidavit or other proof of the standing of the submitting entity and why it would be a Settlement Class Member absent the Opt-Out; provide the submitting entity's name, address, telephone number and email address (if available); provide the National Provider Identifier (if available) and CMS Certification Number (if available); provide a list of current and former names of the submitting entity, including any and all names under which the entity does or has done business since January 1, 2009; and be received by the Notice and Claims Administrators, Interim Settlement Class Counsel, and Teva Defendants no later than the date designated for such purpose in the Notice.

35. No later than January 13, 2025, the Notice and Claims Administrators shall provide Teva Defendants, Interim Settlement Class Counsel, and the Court with the Opt-Out Report identifying

11

all requests to be excluded from the Settlement Class, and whether any such requests were deemed untimely and/or failed to provide any of the information required in Section V.G of the Settlement Agreement or were otherwise inadequate. Teva Defendants may, in their sole discretion, terminate the Settlement Agreement by providing notice to Interim Settlement Class Counsel by February 3, 2025, or within fifteen (15) business days following receipt by the Teva Defendants of the Opt-Out Report of the Notice and Claims Administrators detailing all opt-outs from the Settlement. If Teva Defendants do not provide notice of exercise of the Walk-Away Right to Interim Settlement Class Counsel in accordance with this paragraph, the Walk-Away Right shall be waived.

36. If the Settlement Agreement is terminated or is not consummated for any reason, the Court's findings with respect to certification of the Settlement Class shall be void, the Action against the Teva Defendants for all purposes will revert to its status prior to the execution of the settlement term sheet, and any unexpended Settlement Funds shall be returned to the Teva Defendants as provided in Section VI of the Settlement Agreement, as applicable. In such event, the Teva Defendants will not be deemed to have consented to certification of any class, and will retain all rights to oppose, appeal, or otherwise challenge, legally or procedurally, class certification or any other issue in the Action. Likewise, if the Settlement does not reach Final Judgment, then the participation in that Settlement by any Settlement Class Representative or Settlement Class Member cannot be raised as a defense to their claims.

37. At or after the Fairness Hearing, the Court shall determine whether the Plan of Allocation proposed by Interim Settlement Class Counsel, and any application for Attorneys' Fees and Expenses or any Service Award to the Settlement Class Representatives should be approved. The Court may, in its discretion, enter the Final Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded Attorneys' Fees and Expenses or any Service Award to the Settlement Class Representatives.

38. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Funds, shall be paid as set forth in the Settlement Agreement. In the event that the Settlement is not approved by the Court, or otherwise fails to become effective, the Settlement Funds shall be returned to the Teva Defendants pursuant to written instructions provided by the Teva Defendants, less interest accrued on the Escrow Account; Notice and Administrative Costs, paid, incurred, or due and owing; and Taxes or Tax Expenses paid, incurred, or due and owing.

39. Neither this Preliminary Approval Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be considered, construed or represented to be (1) an admission, concession or evidence of liability or wrongdoing or (2) a waiver or any limitation of any defense otherwise available to the Teva Defendants.

40. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the members of the Settlement Class and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, as provided in the Settlement Agreement, if appropriate, without further notice to the Settlement Class.

41. If the Settlement Agreement and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Settlement Agreement and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties to the Settlement Agreement *status quo ante*, except as otherwise expressly provided in the Settlement Agreement.

42. Pending final determination of whether the proposed Settlement should be approved, neither the Settlement Class Representatives nor any Settlement Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Teva

Defendants, any action or proceeding in any court or tribunal asserting any of the Plaintiffs' Released Claims.

43. Interim Settlement Class Counsel and Teva Defendants are authorized to use all reasonable procedures in connection with administration and obtaining approval of the Settlement Agreement that are not inconsistent with this Order Granting Preliminary Approval or the Settlement Agreement, including making, without further approval of the Court or notice to Settlement Class Members, minor changes to the Settlement Agreement, to the form or content of the Notice, or otherwise to the extent the Parties jointly agree such minor changes are reasonable and necessary.

44. Except to the extent the Settling Parties may agree to resolve through mediation any disputes that may arise prior to the entry of judgment, the Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

IT IS SO ORDERED.

DATED: October 30, 2024 \_\_\_\_/S/_____
THE HONORABLE KEA RIGGS
UNITED STATES DISTRICT JUDGE

**APPROVED SCHEDULE FOR FINAL APPROVAL PROCESS**

| DATE/DEADLINE | EVENT |
| --- | --- |
| October 25, 2024 | Plaintiffs file Motion for Preliminary Approval of Settlement. |
| October 30, 2024 | Order granting Motion for Preliminary Approval of Settlement ("**Order**"). |
| October 31, 2024 | Teva Defendants to provide instructions to Interim Class Counsel regarding receiving wire instructions and other information necessary for payment. Order ¶ 18. |
| November 4, 2024 | Interim Settlement Class Counsel to provide wire instructions and other information necessary for payment. Order ¶ 18. |
| November 4, 2024 | Teva Defendants provide Class Action Fairness Act Notice to State Attorneys General. 28 U.S.C. § 1715. |
| November 20, 2024 | The Notice and Claims Administrators shall commence distribution of the Notice Package no later than this date ("**Notice Date**"). Order ¶ 16. |
| November 30, 2024 | Teva Defendants shall pay their first settlement payment into the Escrow Account. Order ¶ 18. |
| December 4, 2024 | Interim Settlement Class Counsel shall serve and file proof of distribution of the Notice Package. Order ¶ 17. |
| December 20, 2024 | All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Interim Settlement Class Counsel for attorneys' fees, charges, and expenses and Service Awards to the Settlement Class Representatives shall be filed and served. Order ¶ 30. |
| January 6, 2025 | Deadline for Settlement Class Members to submit a written and signed Opt-Out Form to the Notice Administrator and email it to Teva Defendants and Interim Settlement Class Counsel ("**Opt-Out Deadline**"). Order ¶ 33-34. |
| January 6, 2025 | Deadline for Settlement Class Members to (a) deliver by hand or first-class mail written Objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before January 6, 2025 by Interim Settlement Class Counsel and the Teva Defendants and (b) file said Objections, papers, and briefs with the Clerk of the United States District Court for the District of New Mexico. ("**Objection Deadline**") Order ¶¶ 25-26. State Attorneys General shall file any Comments/Objections by the Objection Deadline. |
| January 13, 2025 | Deadline for Notice and Claims Administrators to provide Opt-Out Report to Teva Defendants and Interim Settlement Class Counsel. Order ¶ 35. |

| DATE/DEADLINE | EVENT |
|---|---|
| February 3, 2025 | Deadline for Teva Defendants to exercise Walk-Away Right. Order ¶ 35. |
| February 3, 2025 | Any reply papers, including any responses to Objections, shall be filed and served. Order ¶ 30. |
| March 4, 2025 | Deadline for Class Members to submit Registration and Claims Forms to Claims Administrator. Order ¶ 22. |
| March 4, 2025 9:00am (MT) | **Fairness Hearing:** (A) to determine (i) whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court; (ii) whether the proposed Final Judgment as provided under the Settlement Agreement should be entered as to the Teva Defendants; (iii) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (iv) the amount of Attorneys' Fees and Expenses; and (v) any Service Award to the Settlement Class Representatives; (B) to hear any objections by Settlement Class Members to (i) the Settlement or Plan of Allocation; (ii) the award of Attorneys' Fees and Expenses; and (iii) Service Awards to the Settlement Class Representatives; and (C) to consider such other matters the Court deems appropriate. Order ¶ 9. |