**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| SAN MIGUEL HOSPITAL CORPORATION d/b/a ALTA VISTA REGIONAL HOSPITAL, on behalf of itself and all others similarly situated,<br><br>        Plaintiff<br><br>v.<br><br>JOHNSON & JOHNSON, *et al.*,<br><br>        Defendants | Case No. 1:23-cv-00903-KWR-JFR<br><br>The Hon. Judge Kea Riggs |

**ORDER FOR (I) APPROVAL OF PLAN ALLOCATION, (II) APPOINTMENT OF SETTLEMENT CLASS COUNSEL, (III) AWARD OF ATTORNEYS' FEES AND EXPENSES, AND (IV) AWARD OF NOTICE AND CLAIMS ADMINISTRATORS' EXPENSES AS TO THE DISTRIBUTORS' SETTLEMENT AGREEMENT**

On December 20, 2024, Class Plaintiffs and Interim Settlement Class Counsel filed a motion, *inter alia*, seeking (i) approval of the Plan of Allocation, (ii) appointment of Settlement Class Counsel, (iii) attorneys' fees and reimbursement of expenses; and (iv) reimbursement for expenses for the Notice and Claims Administrators and the Special Master, in relation to the Distributor Class Action Settlement Agreement with Acute Care Hospitals ("Distributors Settlement Agreement") (ECF No. 276-1). All terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein. The Court, having reviewed the motion and the papers filed in support of the motion, hereby finds that:

1. The Court finds and concludes that the formula for the calculation of Class Members' claims that is set forth in the Plan of Allocation (associated Exhibit C to ECF No. 276-1) and described in the Notice disseminated to Class Members provides a fair, reasonable, and adequate basis upon which to allocate the proceeds of the Net Settlement Funds established by the Distributors' Settlement Agreement among the Settlement Class Members. The Court hereby approves the Plan of Allocation.

2. The Court appoints as Settlement Class Counsel John W. ("Don") Barrett ("Barrett") of Barrett Law Group, P.A.; Warren T. Burns of Burns Charest LLP; Robert A. Clifford of Clifford Law Offices, P.C.; Steven B. Farmer of Farmer Cline & Campbell, PLLC; Charles J. LaDuca of Cuneo, Gilbert, & LaDuca, LLP; and Steven A. Martino of Taylor Martino, P.C. Barrett is designated as Lead Counsel.

3. Settlement Class Counsel requests an award of attorneys' fees in the amount of one-third of the Settlement Funds, *i.e.*, $130 million plus any interest that may accrue on the Settlement Amount from the date the Settling Distributors paid the Settlement Amount or any portion thereof.

4. Settlement Class Counsel requests reimbursement of litigation costs and expenses in the amount of $35,330,637.54 plus interest earned on this amount at the same rate as earned by the total Settlement Funds.

5. Class Plaintiffs and Settlement Class Counsel seek an award of expenses to Notice and Claims Administrator A.B. Data Ltd. in the amount of $72,569.85.

6. Class Plaintiffs and Settlement Class Counsel seek an award of expenses to Notice and Claims Administrator Cherry Bekaert Advisory, LLC in the amount of $239,187.81.

7. Finally, Settlement Class Counsel request that the Notice and Claims Administrators and the Escrow Agent be allowed to submit itemized statements of fees and expenses for the Court's approval on a monthly basis, and that the Court approve a mechanism for compensating the Special Master as detailed in their Motion.

8. The Court finds that Settlement Class Counsel's requested fee award is fair and reasonable under the percentage-of-the-recovery method based upon the following factors laid out in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) and adopted by the Tenth Circuit: (a) the significant monetary award obtained for the Class (Factor 8); (b) that the requested fee is consisted with fees awarded in similar cases (Factor 12); (c) that the requested fee is consistent with a customary fee (Factor 5); (d) that these cases presented difficult factual issues and raised novel and complex questions of law (Factor 2); (e) the substantial experience of Settlement Class Counsel in prosecuting high-stakes, complex litigation and that they pursued the case with skill, zeal, and expertise (Factors 3 & 9); (f) that the attorneys' fees requested were entirely contingent upon success – Settlement Class Counsel risked time and effort and advanced costs with no ultimate guarantee of compensation (Factor

6); (g) the time and labor expended on these cases (Factor 1); (h) the undesirability of the litigation (Factor 10); and (i) that Settlement Class Counsel was precluded from other employment (Factor 4).

9. These factors justify an award of one-third of the Settlement Funds. As such, the Court finds that the requested fee award comports with the applicable law and is justified by the circumstances of this case.

10. The Court finds that Settlement Class Counsel has incurred expenses in the amount of $35,330,637.54. The Court finds that these costs and expenses were reasonably incurred in the ordinary course of prosecuting this case as well as in substantially similar litigation where Settlement Class Counsel represented acute care hospitals (referred to in Class Plaintiffs' motion as "the ACH Opioids Litigation").

11. In sum, upon consideration of the motion and accompanying declarations, and based upon all matters of record, the Court hereby finds that the fee requested is reasonable and proper and that the costs and expenses incurred by Settlement Class Counsel were necessary, reasonable, and proper.

12. Moreover, upon consideration of the motion and accompanying invoices, the Court hereby finds that the expenses incurred by the Notice and Claims Administrator were necessary, reasonable, and proper.

Accordingly, it is hereby ORDERED and DECREED that:

13. Settlement Class Counsel are awarded attorneys' fees of one-third of the Settlement Funds, *i.e.*, $130 million plus any interest that has accrued on the Settlement Amount from the date the Settling Distributors paid the Settlement Amount or any portion thereof into escrow.

14. Settlement Class Counsel are awarded reimbursement of their litigation costs and expenses in the amount of $21,165,819.72 plus interest earned on this amount at the same rate as earned by the total Settlement Funds.[1]

15. A.B. Data Ltd. is awarded reimbursement of its expenses in the amount of $43,476.60.[2]

16. Cherry Bekaert Advisory, LLC is awarded reimbursement of its expenses in the amount of $143,297.42. *See supra,* note 2.

17. The attorneys' fees shall be paid from the Settlement Funds.

18. The fees and expenses shall be allocated among Settlement Class Counsel and their co-counsel in a manner that, in Settlement Class Counsel's good-faith judgment, reflects each firm's contribution to the institution, prosecution, and resolution of the ACH Opioids Litigation.

19. Settlement Class Counsel are permitted to submit itemized statements of fees and expenses for the Court's approval on behalf of the Notice and Claims Administrators on a monthly basis.

20. Settlement Class Counsel's proposed mechanism for compensating the Special Master is likewise approved.

21. The Special Master will be compensated for his services at the rate of $500 per hour, plus reimbursement of all ordinary and necessary expenses. The Special Master's counsel, Taft Stettinius & Hollister LLP, will be compensated at its standard hourly

---

[1] These expenses are calculated from the total expenses incurred by Plaintiffs' Counsel, assessed proportionally by each Settlement's respective total Settlement Funds contribution.
[2] These expenses are calculated from the expenses incurred by the Notice and Claims Administrators assessed proportionally by each Settlement's respective total Settlement Funds contribution.

rates, plus reimbursement of all ordinary and necessary expenses, as described in its engagement letter with the Special Master

22. From time to time, on approximately a monthly basis, the Special Master and his counsel shall file under seal an itemized statement of fees and expenses. Such itemized statements may include confidential communications between the Special Master and the Court and others; accordingly, the Court shall maintain these itemized statements under seal and they shall not be made available to the public or counsel. Instead, the Special Master and his counsel shall also file with the itemized statements a summary statement which shall list only the total amount billed, which summary shall not be filed under seal, and shall contain a signature line for the Court accompanied by the statement "Approved for Disbursement."

23. If the Court determines the itemized statement is regular and reasonable, the Court will sign the corresponding summary statement and have it entered on the docket. The parties shall then remit to the Special Master and his counsel approved fees from the Settlement Funds within 10 calendar days after Court approval.

24. This order shall be entered as of this date pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finding that there is no just reason for delay.

IT IS SO ORDERED.


DATED: March 4, 2025                    ___/S/_____
                                        THE HONORABLE KEA RIGGS
                                        UNITED STATES DISTRICT JUDGE