# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| SAN MIGUEL HOSPITAL CORPORATION, d/b/a/ ALTA VISTA REGIONAL HOSPITAL, on behalf of itself and all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>Johnson & Johnson, *et al.*,<br><br>            Defendants. | 1:23-cv-00903-KWR-JFR<br><br>The Hon. Judge Kea Riggs |

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE AS TO JANSSEN

WHEREAS, this matter came before the Court pursuant to the Preliminary Approval Order (I) Preliminarily Approving the Settlement Pursuant to Fed. R. Civ. P. 23(e)(1), (II) Appointing the Notice and Claims Administrators and Special Master, (III) Approving Form and Manner of Notice to Settlement Class Members, (IV) Scheduling a Final Fairness Hearing to Consider Final Approval of the Settlement, and (V) Granting Related Relief ("Order") dated October 30, 2024, on the application of the Settlement Class Representatives for approval of the Janssen Class Action Settlement Agreement with Acute Care Hospitals ("Settlement Agreement") dated December 20, 2024. Due and adequate notice having been given to the Settlement Class as required in the Order, and the Court having considered all papers filed and proceedings had herein and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     This Final Judgment and Order of Dismissal with Prejudice as to Janssen[1] ("Final Judgment") incorporates by reference: (a) the Settlement Agreement, filed with this Court on October 25, 2024; (b) the Notice of Proposed Settlement of Class Action and Summary Notice (collectively, the "Notice"), filed with this Court on October 25, 2024; and (c) the Declarations of the Notice and Claims Administrator A.B. Data Ltd., filed with this Court on December 4, 2024, and December 20, 2024.  All terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2.     The Court has jurisdiction over the subject matter of the Action and over all Settling Parties and all Settlement Class Members.

3.     The Court certifies the Settlement Class defined in Section III.A of the Settlement Agreement, which Settlement Class is certified for settlement purposes only.

---

[1] Janssen collectively refers to the following Defendants: Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc.

4.      The Notice given to the Settlement Class was the best notice practicable under the circumstances and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the United States Constitution (including the Due Process Clause), the rules of this Court, and other applicable law.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determinations in the Preliminary Approval Order, fully and finally approves the Settlement set forth in the Settlement Agreement in all respects, and finds that:

(a)      the Settlement Agreement and the Settlement contained therein, is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class;

(b)      there was no collusion in connection with the Settlement;

(c)      the Settlement was the product of informed, arm's-length negotiations among competent, able counsel with the assistance of third-party mediators; and

(d)      the record is sufficiently developed and complete to have enabled the Settlement Class Representatives and Janssen to have adequately evaluated and considered their positions.

6.      Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof.  The Court hereby dismisses the Action as to Janssen and all Released Claims against the Released Entities with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Settlement Agreement, and any separate order(s) entered by the Court regarding Class Counsel's Motion for Award of Attorneys' Fees and Expenses.

7.      The Releases set forth in Section IX of the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein by reference.  Accordingly, this Court orders that:

(a)      Upon the Effective Date, and as provided in the Settlement Agreement, the Settlement Class Representatives shall, and each of the Settlement Class Members shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all Released Claims against the Released Entities, whether or not such Settlement Class Member shares in the Settlement Funds.  Claims to enforce the terms of the Settlement Agreement are not released.

(b)      The Settlement Class Representatives and all Settlement Class Members, Releasors, and anyone claiming through or on behalf of any of them, are hereby forever and permanently barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims, or any claim related in any way to the Released Claims, against any of the Released Entities.

(c)      The Settlement Class Representatives and all Settlement Class Members, Releasors, and anyone claiming through or on behalf of any of them, shall cooperate with Janssen to promptly dismiss with prejudice the Other Actions listed in Exhibit A to the Settlement Agreement and all other pending litigation asserting any of the Released Claims against any of the Released Entities.

8.      Upon the Effective Date, any and all persons or entities shall be permanently barred, enjoined, and restrained, to the fullest extent permitted by law, from bringing, commencing, prosecuting, or asserting any and all claims, actions, or causes of action for

contribution or indemnity or otherwise against Janssen or any of the Released Entities seeking as damages or otherwise the recovery of all or any part of any liability, judgment, or settlement which they pay or are obligated or agree to pay to the Settlement Class or any Settlement Class Member arising out of, based upon, relating to, concerning, or in connection with any facts, statements, or omissions that were or could have been alleged in the Action or the Other Actions. Notwithstanding the foregoing, nothing herein shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Settlement Agreement, the Settlement, or this Final Judgment.

9.      All objections to the Settlement Agreement are found to be without merit and are overruled.

10.     The Settlement is not subject to any modification without approval from the Court, and without the express written consent of Settlement Class Counsel and Janssen.

11.     The terms of the Settlement and of this Final Judgment are forever binding on the Settling Parties and Settlement Class Members, as well as their respective heirs, executors, administrators, predecessors, successors, affiliates, and assigns. Settlement Class Members include all entities within the Settlement Class definition in Section III.A of the Settlement Agreement that did not submit a timely and valid Opt-Out Form that was recognized as such in accordance with the procedures set forth in the Settlement Agreement and the Preliminary Approval Order.

12.     The Court finds that the Settlement is a good-faith settlement that bars any Claim by any Non-Released Entity against any Released Entities for contribution, indemnification, or that otherwise seeks to recover all or a portion of any amounts paid by or awarded against that Non-Released Entity to any Settlement Class Member or Releasor by way of settlement,

judgment, or otherwise on any Claim that would be a Released Claim were such Non-Released Entity Janssen, to the extent that a good-faith settlement (or release thereunder) has such an effect under applicable law, including, without limitation, N.M. Stat. § 41-3-4, Cal. Civil Code § 1542, and S.D. Codified Laws § 20-7-11, and similar laws in other states or jurisdictions.

13.    Any Plan of Allocation submitted by Settlement Class Counsel or any order entered regarding any Attorneys' Fees and Expenses or Service Awards to the Settlement Class Representatives shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

14.    Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of Janssen or Released Entities; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Janssen or Released Entities in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Notwithstanding the foregoing, Janssen and/or the Released Entities may file the Settlement Agreement and/or this Final Judgment in any other action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or any theory of claim preclusion or issue preclusion or similar defense.

15.    Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Funds, including interest earned thereon; (b) disposition of the

Settlement Funds; (c) hearing and determining applications for Attorneys' Fees and Expenses or Service Awards to the Settlement Class Representatives; (d) all parties herein for the purpose of construing, enforcing, and administering the Settlement Agreement; (e) the Settlement Class Members for all matters relating to the Action; (f) the Escrow Account and Escrow Agent in its capacity as administrator of the Escrow Account; and (g) other matters related or ancillary to the foregoing. The administration of the Settlement and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any person or entity to participate in the distribution of the Net Settlement Funds shall remain under the authority of this Court.

16.    The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17.    If the Settlement does not become effective in accordance with the terms of the Settlement Agreement or the Effective Date does not occur, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement, and the Settlement Funds shall be returned in accordance with the Settlement Agreement.

18.    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

19.    The Court finds, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason for delay, and directs immediate entry of this Final Judgment by the Clerk of the Court.

20. Within fourteen days of the filing of any Notice of Appeal to this Order, the Settling Parties are granted leave to file a motion under Federal Rule of Appellate Procedure 7 for the assessment of an appropriate bond for costs on appeal, including any to be assessed under 18 U.S.C. § 1964(c) and/or Federal Rule of Civil Procedure 68.

IT IS SO ORDERED.

DATED: March 4, 2025

_____/S/_____
THE HONORABLE KEA RIGGS
UNITED STATES DISTRICT JUDGE