**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SAN MIGUEL HOSPITAL
CORPORATION d/b/a ALTA VISTA
REGIONAL HOSPITAL, on behalf of itself
and all others similarly situated,

    Plaintiff,

v.                                                     No. 1:23-cv-00903-KWR/JFR

JOHNSON & JOHNSON, *et al.*,

    Defendants.

**JOINT OPPOSITION TO PLAINTIFF'S MOTION TO AMEND JUDGMENT**
**AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Allergan Finance, LLC, Allergan Sales, LLC, Allergan USA, Inc., AbbVie Inc.; Johnson & Johnson, Janssen Pharmaceuticals, Inc. (f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc., f/k/a Janssen Pharmaceutica, Inc.), Teva Pharmaceuticals USA, Inc., Cephalon, Inc., Actavis LLC, Actavis Pharma, Inc., Watson Laboratories, Inc., and Anda, Inc. (collectively, the "Moving Settlors"), appear specially to submit this Opposition to non-party Las Cruces Medical Center, LLC's ("LCMC")[1] Motion to Amend Judgment and For Leave to File a Second Amended Complaint (ECF No. 329 (the "Motion")).

As explained below, the Court should deny this Motion as to Moving Settlors for the simple reason that—by virtue of Plaintiff San Miguel Hospital Corporation's class-action settlement with the Moving Settlors and this Court's entry of Final Judgment as to the Moving Settlors in accordance with that settlement—the LCMC has settled with the Moving Settlors and the Court has entered final judgments as to LCMC's proposed claims against the Moving Settlors. Those settlements and final judgments expressly (and conclusively) prohibit LCMC advancing a case against the Moving Settlors.

## INTRODUCTION

On October 25, 2024, Plaintiff San Miguel Hospital Corporation moved for preliminary approval for four class action settlements with the Moving Settlors. ECF No. 276 at 6 ("Motion to Certify"). The settlement class was defined as:

> All Acute Care Hospitals in the United States that (i) are not owned or operated by a federal, state, county, parish, city, or other municipal government; and (ii) treated patients diagnosed with opioid use disorder and/or other opioid-related conditions at any time from January 1, 2009, through the date of entry of the Preliminary Approval Order.

*Id.* at 11. It is undisputed that this class includes non-party movant LCMC.

---

[1] Although LCMC styles its motion as coming from "Plaintiff," LCMC is currently not a party to this litigation.

On October 30, 2024, this Honorable Court granted the Motion to Certify and scheduled a fairness hearing on March 4, 2025 (the "Fairness Hearing") to determine whether the proposed settlements are "fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court." ECF No. 278 at 17; *see also* ECF Nos. 277, 279–280.

After the Fairness Hearing, *see* ECF Nos. 313 at 1–2, the Court issued an order noting "that no party or class member"—which, as explained below, includes LCMC—"objected to the settlement," ECF No. 314 at 21, and issued final judgments as to the Moving Settlors. *See* ECF Nos. 320–22 (together, the "Final Judgments"). Notably, the Final Judgments state:

> The Settlement Class Representatives and all Settlement Class Members, Releasors, and anyone claiming through or on behalf of any of them, are hereby forever and permanently barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims, or any claim related in any way to the Released Claims, against any of the Released Entities.

ECF Nos. 320 at ¶ 7(b); 321 at ¶ 7(b); 322 at ¶ 7(b).[2]

On April 16, 2025, LCMC, filed the Motion, *see* ECF No. 329, including a proposed seconded amended complaint. *See* ECF No. 329-1 (the "Proposed SAC").

But the Proposed SAC—including its caption page and the "Defendants" section—lists Allergan Finance, LLC; Allergan Sales, LLC; Allergan USA, Inc.; AbbVie Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Teva Pharmaceuticals USA, Inc., Cephalon, Inc., Actavis LLC, Actavis Pharma, Inc., and Watson Laboratories, Inc., as both "Defendants" and "Manufacturing Co-Conspirators." *Id.* at 7, § II(B)(1). Apparently aware that the Settlement Agreements and Final Judgments bar LCMC from suing the Moving Settlors, the Proposed SAC tries to explain why LCMC nonetheless continues to assert claims and allegations against the

---

[2] According to the Moving Settlors' Class Action Settlement Agreement with Acute Care Hospitals, the "Effective Date" was March 4, 2025. *See* ECF Nos. 276-2 § I(N); 276-3 § I(N); 276-4 § I(R).

Moving Settlors, stating:

> Although [the above-listed Moving Settlors are] not named as defendants . . . because Plaintiff has agreed to terms of settlement with them,[3] these persons participated with Defendants along with others as part of the Opioid Promotion Enterprise, and, although not presently named as defendants in this action, are included as participants in any conduct alleged of the "Manufacturing Defendants" as a collective entity and in any conduct alleged of "Defendants" as a collective entity.
>
> Specific opioids manufactured by the Manufacturing Defendants are described in this Complaint as examples only. Plaintiff maintains that Defendants' liability arises from their conduct related to opioids generally and is not limited to opioid products specifically described in this Complaint.

*Id.* ¶ 21.

Likewise, the Proposed SAC lists Anda, Inc. as "Defendants," "Distributor Co-Conspirators," and "Unnamed Associates." *Id.* at § II(B)(2)(b). The Proposed SAC further states that "[multiple entities including Anda, Inc.] although not all presently named as Defendants, are collectively referred to herein as the "Distributor Defendants."" *Id.* ¶ 35.

## ARGUMENT

Because the Moving Settlors' Settlement Agreements prohibit class members, like LCMC, from prosecuting *any* actions against the Moving Settlors, the Motion is violative of the Settlement Agreements and Final Judgments and must be denied as to the Moving Settlors.[4]

To start, the Court has jurisdiction to enforce the Moving Settlors' Settlement Agreements and Final Judgments. "A district court may retain jurisdiction to enforce a settlement agreement provided that an order of that court 'incorporat[es] the terms of the settlement agreement in the order,' or a 'separate provision' in the order retains jurisdiction over

---

3   As noted in the text, LCMC's statement that the Moving Settlors are not "named as defendants" is false.
4   Notably, LCMC has failed to comply with D.N.M.LR-Civ. 7.1(a), which provides that "a motion that omits recitation of a good-faith request for concurrence may be summarily denied."

the settlement agreement." *United States v. Borrego*, No. CIV 12-0434 (JB) (GBW), 2023 WL 8602946, at *14 (D.N.M. Dec. 12, 2023) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)). Here, the plain language of the Final Judgments affirms the Court's jurisdiction, stating that the Court retains "continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Funds, including interest earned thereon; . . . (d) all parties herein for the purpose of construing, enforcing, and administering the Settlement Agreement; . . . ; and (g) other matters related or ancillary to the foregoing." ECF Nos. 320 at ¶ 15; 321 at ¶ 15; 322 at ¶ 15.

Moreover, it is undisputed that LCMC is within the certified class that is subject to the Moving Settlors' Settlement Agreements and Final Judgments. By its own admission, despite listing the Moving Settlors as "Defendants" and "Manufacturing Co-Conspirators", ECF No. 329-1 at 7 and § II(B)(1), LCMC concedes it "has agreed to terms of settlement with them." *Id.* at ¶ 21. Significantly, LCMC did not opt-out from the Settlement Agreements. ECF No. 314 at 21.

Moreover, LCMC maintains that it "operates a hospital that provides acute care, including treatment of opioid-dependent patients and patients suffering from opioid-related conditions." ECF No. 142 at ¶ 1. Specifically, LCMC operates "Memorial Medical Center, in Las Cruces, New Mexico." *Id.* at ¶ 30. Not only does LCMC fall squarely within the class defined in the Settlement Agreements, *see* ECF Nos. 276-2 § I(PP); 276-3 § I(OO); 276-4 § I(SS), Memorial Medical Center is listed under Exhibit A of the Non-Exhaustive List of Certain Class Members. *See* ECF Nos. 276-2 at 52; 276-3 at 54; 276-4 at 54.

Because the Final Judgments permanently bar and enjoin LCMC from "commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of

law or equity" against the Moving Settlors, *see* ECF Nos. 320 at ¶ 7(b); 321 at ¶ 7(b); 322 at ¶ 7(b), it follows that the Proposed SAC violates both the Final Judgements and Settlement Agreements and must be denied. *See Weller v. HSBC Fin. Corp.*, 187 F. Supp. 3d 1263, 1269 (D. Colo. 2016) (holding that class member who failed to opt out in the time allowed was bound by the final order and the judgment entered).

## CONCLUSION

For the foregoing reasons, the Court should deny the Motion.

Dated: April 30, 2025.

Respectfully submitted,

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By */s/ Eric R. Burris*
   Eric R. Burris
   Debashree Nandy
   201 Third Street NW, Suite 1800
   Albuquerque, New Mexico 87102-4386
   Telephone: (505) 244-0770
   Email: eburris@bhfs.com; rnandy@bhfs.com

*Attorneys for Defendants Allergan Finance LLC, Allergan Sales, LLC and Allergan USA, Inc.*

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By */s/ Eric R. Burris*
   Eric R. Burris
   Debashree Nandy
   201 Third Street NW, Suite 1800
   Albuquerque, New Mexico 87102-4386
   Telephone: (505) 244-0770
   Facsimile: (505) 244-9266
   Email: eburris@bhfs.com; rnandy@bhfs.com

*Attorneys for Defendant AbbVie Inc.*

BARDACKE ALLISON MILLER LLP

By /s/ Benjamin Allison
   Benjamin Allison
   Michael Woods
   P.O. Box 1808
   141 E. Palace Avenue
   Santa Fe, New Mexico 87504
   (505) 995-8000
   ben@bardackeallison.com
   michael@bardackeallison.com

Charles C. Lifland (*pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071
(213) 430-6665
clifland@omm.com

Stephen D. Brody (*pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street N.W.
Washington, DC 20006
(202) 383-5167
sbrody@omm.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Ortho-McNeil Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Johnson & Johnson*

By */s/ Meena H. Allen*
Meena H. Allen
6121 Indian School Road, NE, Suite 230
Albuquerque, New Mexico 87110
(505) 298-9400
mallen@mallen-law.com

Evan K. Jacobs
Morgan, Lewis & Bockius LLP
2222 Market Street
Philadelphia, PA 19103-3007
evan.jacobs@morganlewis.com

*Counsel for Teva Pharmaceuticals USA, Inc., Cephalon, Inc., Actavis LLC, Actavis Pharma, Inc., Watson Laboratories, Inc., and Anda, Inc.*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on April 30, 2025, a true and correct copy of the foregoing **JOINT OPPOSITION TO PLAINTIFF'S MOTION TO AMEND JUDGMENT AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** was filed electronically pursuant to CM/ECF procedure for the United States District Court for the District of New Mexico, which caused the parties to be served via electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Eric R. Burris*
Eric R. Burris