# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

SAN MIGUEL HOSPITAL CORPORATION,
d/b/a ALTA VISTA REGIONAL HOSPITAL,
*on behalf of itself and all others similarly situated*,

        Plaintiff,

      v.　　　　　　　　　　　　　　　　No. 1:23-cv-00903 KWR/JFR

PUBLIX SUPERMARKET, INC., HENRY SCHEIN, INC.,
WALGREEN CO., WALGREEN EASTERN CO., INC.,
CVS PHARMACY, INC., CVS Rx Services, Inc.,
CVS ORLANDO FL DISTRIBUTION, LLC,
WALMART, INC., *f/k/a Wal-Mart Stores, Inc.,*
ALBERTSONS COMPANIES, INC., ALBERTSONS, LLC,
SAFEWAY, INC., GIANT EAGLE, INC.,
HBC SERVICES COMPANY, KROGER LIMITED
PARTNERSHIP I, KROGER LIMITED PARTNERSHIP II,
THE KROGER CO., HIKMA PHARMACEUTICALS, INC.,
INDIVIOR, INC., ET AL.,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on Plaintiff's Motion to Amend Judgment and for Leave to File a Second Amended Complaint (Doc. 329).

Plaintiff, a corporation operating a Las Vegas, New Mexico hospital, asserts a single RICO or RICO conspiracy claim in this putative class action related to the manufacture, distribution, or dispensing of opioids. Plaintiff asserts an approximately thirty-year unlawful RICO enterprise between dozens of pharmaceutical manufacturers, distributors, and pharmacies. Plaintiff asserts that Defendants (1) misrepresented the safety, addictiveness, and efficacy of opioids in order to generally increase opioid sales, and (2) failed to implement sufficient suspicious order monitoring

system to weed out illegitimate prescriptions, impede the abuse of opioids, and impede diversion of opioids. As part of this RICO claim, Plaintiff alleges that Defendants committed the following predicate acts: (1) violation of federal mail or wire fraud statutes, (2) violation of the federal Controlled Substances Act, and (3) violation of the New Mexico Controlled Substances Act.

The Court dismissed Plaintiff's case against approximately eleven Defendants[1] on multiple independent grounds, including but not limited to, (1) a Rule 8 violation, (2) failure to plausibly plead proximate causation or a cognizable injury, (3) a statute of limitations violation, and (4) lack of personal jurisdiction as to Publix and Giant Eagle. Mem. Op. & Order, Doc. 323 at 3-4, 62-63. The Court subsequently entered judgment. Plaintiff asserts that the Court erred, should set aside the judgment of dismissal, and allow Plaintiff to file a second amended complaint against five of those eleven Defendants – CVS, Kroger, Schein, Walgreens, and Walmart.

Plaintiff argues that the Court committed clear error or manifest injustice as to each of the independent, alternate grounds on which the Court dismissed the case. The Court disagrees. Because Plaintiff has not shown that the Court committed clear error or manifest injustice as to each independent, alternate ground for dismissal, the Court declines to set aside the judgment to allow Plaintiff to file a second amended complaint. Having reviewed the briefing and the relevant law, the Court concludes that Plaintiff's motion is not well-taken and is therefore denied.

## BACKGROUND

This is a RICO case stemming from the manufacture, distribution, and sale of opioid products. Plaintiff is a corporation which operates an acute care hospital in Las Vegas, New

---

[1] The exact number of defendants varies depending on how one counts the various affiliates or subsidiaries. In the Opinion, the Court dismissed the case as to the following Defendants: Publix Super Market, Inc., Henry Schein, Inc., Walgreens, CVS, Walmart, Albertsons Companies, Inc., Safeway, Inc., Giant Eagle, Inc., HBC Services, Inc., the Kroger Co., Hikma Pharmaceuticals, Inc., Indivior, Inc., along with various affiliates and subsidiaries thereof. Other Defendants settled or were otherwise dismissed in other orders.

Mexico, and brought this putative class action on behalf of "all acute care hospitals in the United States" that treated patients with Opioid Use Disorder ("OUD") within four years of the filing date. First Amended Complaint ("FAC"), Doc. 145 at ¶¶ 30 and 1160. Plaintiff asserted a single claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), a federal statute that authorizes private parties to bring civil suits against persons that (1) are associated with an enterprise and (2) engaged in a pattern of racketeering activity. Plaintiff alleged that dozens of opioid manufacturers, distributors, and pharmacies were part of a thirty-year opioid criminal enterprise, which operated with the goal to unlawfully increase the sale of opioids.

Plaintiff alleged that it was injured by treating opioid patients without full compensation from private insurers and governmental programs. It asserts that providing medical services to patients with opioid use disorder is more complicated or expensive than providing medical services to other patients, FAC at ¶¶ 20, 1093-94, 1102, and that insurers and governmental programs do not fully cover these alleged increased costs. *Id*. at ¶¶ 20, 1093. Plaintiff also alleged that treating opioid users increased its operating expenses.

Plaintiff alleges two main theories of liability. Under its fraud theory, Plaintiff asserts that the Defendants deceptively marketed prescription opioids by misleading the public about their benefits and downplaying their risks, including the risk of addiction, in order to illegitimately increase demand for opioids. Under its unlawful distribution theory, Plaintiff alleges that Defendants breached their duties to maintain suspicious order monitoring ("SOM") systems to identify, report, and stop suspicious orders of prescription opioids, leading them to distribute excessive quantities of opioids that were not medically justified. *Id.* at ¶¶ 2, 632, 1180, and 1186.

Several Defendants settled. Approximately eleven Defendants filed motions to dismiss, including:

- Publix Super Market, Inc. (Doc. 201);

- Henry Schein, Inc. (Doc. 207);

- Various pharmacy defendants, including Walgreens, CVS, Walmart, Albertsons, Safeway, Giant Eagle, Kroger Co., and various subsidiaries or affiliates such as Kroger Limited Partnership I and II (Docs. 208, 209, 214); and

- Manufacturer Defendants Hikma Pharmaceuticals, Inc. and Indivior, Inc. (Docs. 212-214).

The Court dismissed Plaintiff's complaint against the remaining eleven Defendants for the following alternate reasons:

(1) Plaintiff failed to meet the statute of limitations as to this 30-year-old RICO enterprise;

(2) Plaintiff failed plausibly allege the causation or injury elements as: (a) Plaintiff failed to show proximate causation under RICO, as it does not plead a direct injury; (b) Plaintiff failed to show an injury as to its business or property as required under RICO, and its claims are derivative of its patients' personal injury claims; and (c) Plaintiff pleaded intervening causes;

(3) Plaintiff failed to plausibly allege that each Movant committed a pattern of racketeering activity (two or more predicate acts) to establish liability under § 1962(c); and

(4) Plaintiff failed to plausibly allege that each Defendant conspired to violate RICO under § 1962(d).
…
[5] Alternatively, the Court…dismiss[es] the complaint with prejudice for violation of Rule 8.

[6] Moreover, the Court concludes that Plaintiff failed to plausibly allege personal jurisdiction over Publix and Giant Eagle.

Mem. Op. & Order, Doc. 323 at 62-63.[2]

---

[2] When the Court cites to page numbers in the parties' briefing or the Court's written orders, it generally refers to the page numbers generated by CM/ECF at the top of the page.

**DISCUSSION**

I.    <u>Plaintiff must satisfy both Rule 59 and Rule 15.</u>

Plaintiff requests that the Court (1) set aside the judgment under Rule 59(e) and (2) allow it to file an amended complaint under Rule 15. Generally, a party seeking to both (1) reopen a case under Rule 59 and (2) file an amended complaint must satisfy the Rule 59 standard before the Court addresses whether to amend the complaint under Rule 15. *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005).

Plaintiff filed its post-judgment motion within 28 days of the entry of judgment.  The Court therefore interprets it as a Rule 59(e) motion. "Grounds for granting a Rule 59(e) motion include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.' " *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)); *see also Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (Rule 59(e) relief is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law.").

However, "[Rule 59(e)] may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted). Additionally, Rule 59 "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see also Servants of Paraclete*, 204 F.3d at 1012 (filing a motion pursuant to Rule 59

is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing.").

Plaintiff also seeks leave to file an amended complaint as to five defendants.  Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Moreover, courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint "a moving target…to salvage a lost case by untimely suggestion of new theories of recovery… to present theories seriatim in an effort to avoid dismissal, or to knowingly delay[ ] raising [an] issue until the 'eve of trial…" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (internal citations and quotation marks omitted).

## II.    The Court declines to set aside the Rule 8 dismissal.

The Court dismissed Plaintiff's complaint on multiple independent grounds, including violation of Rule 8 and Rule 12(b)(6). Plaintiff appears to assert that:

- once the Court perceived a Rule 8 violation, it should have *sua sponte* granted leave to amend and should not have proceeded to any of the Rule 12(b)(6) alternative bases for dismissal; and

- The Court erred in dismissing under Rule 8 with prejudice.

As to the first point, in its motion Plaintiff does not cite to any case law in the Tenth Circuit and therefore does not carry its burden of establishing clear error or manifest injustice. As to the second point, Plaintiff was warned twice by two rounds of motions to dismiss that its complaint violated Rule 8, but it did not request leave to amend to cure the deficiency. Rather, it insisted the

allegations in the complaint were necessary to present its case, and it increased the length of its complaint. Plaintiff does not challenge the Court's weighing of the *Ehrenhaus* factors. Therefore, Plaintiff's argument is not well-taken and is therefore denied.

A complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

"The purpose of a complaint to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Assn. of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989) (internal quotation marks and citation omitted). Generally, plaintiffs must allege in a clear, concise, and organized manner what each defendant did to them, when the defendant did it, how the defendant's action harmed them, what specific legal right they believe the defendant violated, and what specific relief is requested as to each defendant. *See, e.g., Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (citations omitted).

"Prolixity of a complaint undermines the utility of the complaint." *Knox v. First Sec. Bank of Utah*, 196 F.2d 112, 117 (10th Cir. 1952) ("The purpose of [Rule 8(a)] is to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity."). "Thus, [the Tenth Circuit has] held that a complaint can run afoul of Rule 8 through unnecessary length and burying of material

allegations in 'a morass of irrelevancies.'" *Baker v. City of Loveland*, 686 F. App'x 619, 620 (10th Cir. 2017), *quoting in part Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). "In its sheer length, [Plaintiff] has made [its] complaint unintelligible by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Mann*, 477 F.3d at 1148 (complaint, which was 83 pages, was unintelligible due to its length) (internal quotation marks omitted).

Moreover, a plaintiff must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegation...." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). As an example, the Tenth Circuit affirmed the dismissal of a prolix complaint which group pleaded allegations, noting as follows: "[b]uried in the amended complaint are allegations that might alert particular defendants to allegations of wrongdoing. But other allegations appear to lump all of the defendants together, without saying who did what or identifying conduct that would trigger liability. Thus, the district court properly dismissed the amended complaint." *Baker,* 686 F. App'x at 621.

Here, Plaintiff does not argue in its motion to reconsider that its complaint met the "short and plain statement" standard of Rule 8(a)(2). Rather, Plaintiff argues that the Court should have *sua sponte* granted it leave to amend, and should not have dismissed on the alternative Rule 12(b)(6) grounds. But as explained below,

- Plaintiff does not cite to any law stating that a court cannot dismiss a case on alternative theories under Rule 8 and Rule 12(b)(6);

- Plaintiff does not cite to law demonstrating that the Court committed clear error in the Tenth Circuit by not *sua sponte* granting leave to amend under the circumstances of this case;

- Plaintiff does not address the Court's application of the *Ehrenhaus* factors, or argue that the Court's analysis was erroneous; and

- Plaintiff has not demonstrated it was unfairly prejudiced by the Court's alleged "frustration" with its complaint.

A.    **The Court may alternatively dismiss a complaint under Rule 8 and Rule 12.**

First, Plaintiff assert that the Court erred by finding a Rule 8 violation but alternatively proceeding to examine Defendants' Rule 12 arguments. However, Plaintiff has not cited to any law prohibiting the Court from dismissing a case under Rule 12 where it perceives a Rule 8 violation. Rule 8 and Rule 12 are not contradictory rules. Rather, Rule 8's "short and plain statement" requirement is part of a Rule 12(b)(6) analysis.  "Rule 8(a)'s mandate, that plaintiffs provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' has been incorporated into ... the ... 12(b)(6) inquir[y]." *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010) (quoting Fed. R. Civ. P. 8(a)(2), and citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 (2009)).

A court dismisses under Rule 8 through Rule 41 for failure to comply with the Federal Rules of Civil Procedure. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1161 (10th Cir. 2007) ("to be sure, a failure to satisfy Rule 8 can supply a basis for dismissal: Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure.").

Moreover, the Tenth Circuit has affirmed a Rule 8 dismissal where the trial court also alternatively dismissed under Rule 12. *Moser v. Okla.*, 118 F. App'x 378, 381 (10th Cir. 2004) (unpublished) ("Because we resolve the appeal based on Rule 8, we need not reach the propriety

of the district court's Rule 12 dismissal."); *Griffin v. Kelly*, 297 F. App'x 760, 762 n.4 (10th Cir. 2008) (unpublished) ("Because we conclude the court properly dismissed [plaintiff's] complaint under Rule 8, we need not resolve whether Rule 12(b)(6) constitutes an alternative ground for dismissal."). District courts, including this one, regularly issue opinions dismissing on the alternative grounds of Rule 8 and Rule 12(b)(6).

Plaintiff does not cite to any law stating it is error to dismiss under Rule 12(b)(6) on an alternative basis when a court also perceives a Rule 8 violation. Because Plaintiff has not cited to any law demonstrating that it is clear error or manifest injustice to dismiss a case on the alternative grounds of Rule 8 and Rule 12(b)(6), Plaintiff has not carried its burden of establishing clear error or manifest injustice.

Plaintiff also asserts that it was prejudiced by the Court's "frustration" with the 300-page complaint. Plaintiff asserts that the Court erred by stating it would limit its Rule 12(b)(6) analysis to the specific passages cited by Plaintiff in opposition to the issues raised in various motions to dismiss. The Court cited to the following:

> District courts have no duty to search the record to support a party's arguments. *See Cross v. The Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004) ("[I]t is the responding party's burden to ensure that the factual dispute is portrayed with particularity, without ... depending on the trial court to conduct its own search of the record."); *see also Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1199 (10th Cir. 2000) ("The district court was not obligated to comb the record in order to make [the plaintiff's] arguments for him."). "The reason for this requirement is obvious: 'Judges are not like pigs, hunting for truffles buried in briefs.' " *McKinzy v. I.R.S.*, 367 F. App'x 896, 897 (10th Cir. 2010) (quoting *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995)). Rather, this is squarely the job of the parties and their attorneys. *Upchurch v. Wastequip, LLC*, No. 21-7055, 2022 WL 4099433, at *5 (10th Cir. Sept. 8, 2022) ("the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."), *cert. denied*, 143 S. Ct. 814, 215 L. Ed. 2d 68 (2023), *citing Garrett*, 425 F.3d at 840.

Mem. Op. & Order, Doc. 323 at 9-10. Based on this law, the Court reasoned as follows:

> Therefore, due to the prolixity of the complaint, the Court will rely on the citations provided by the Plaintiff in its response to the Defendants' arguments. In other words, the Court will not *sua sponte* search the complaint for support where Plaintiff has not pinpoint cited to the complaint in the specific section of the response which is in opposition to the Defendants' specific arguments. For example, in determining whether Plaintiff has plausibly alleged that each defendant committed two or more predicate acts, the Court will review Plaintiff's relevant arguments in its response and the citations to the complaint therein. *See, e.g.* Doc. 234 at 21-38.

Mem. Op. & Order, Doc. 323 at 10. Here, in its post-judgment motion Plaintiff did not cite to any authority providing that the case law quoted above and the reasoning above are erroneous or do not apply to this case. The Court merely set forth principles of party presentation, *i.e.*, that a party has the burden of citing to the record to support its position, and that a court is not required to search the record for a party. Plaintiff has not cited to any law that a court is *required* to search the record to support a party's argument, or that it is clear error or manifest injustice not to search the record for a party.

This was not error, especially where the complaint was 300 pages with 1200 factual paragraphs, and referenced acts by dozens of named defendants, unnamed co-conspirators, or other third-parties over a 30-year period. Moreover, at times Plaintiff group-pled allegations, making it difficult to identify which factual allegations applied to which defendant. The complaint also included many apparently irrelevant factual allegations. The Court read the complaint multiple times. But the Court does not have an eidetic memory or crystal ball. Therefore, it relies on parties to cite to the factual paragraphs in the complaint they believe are relevant to support or rebut an argument. This principle is well supported in case law, stated above.

**B.    Plaintiff has not demonstrated it is clear error to dismiss the complaint with prejudice.**

Plaintiff appears to assert that the Court should have dismissed under Rule 8 without prejudice or with leave to amend. However, the Court dismissed Plaintiff's complaint after

considering the *Ehrenhaus* factors. *See* Mem. Op. & Order, Doc. 323 at 10-12 (discussing *Ehrenhaus* factors). Plaintiff does not analyze the *Ehrenhaus* factors or demonstrate the Court clearly erred in analyzing the *Ehrenhaus* factors. Therefore, Plaintiff has not demonstrated clear error or manifest injustice.

After explaining how the prolix complaint violated Rule 8, the Court analyzed the *Ehrenhaus* factors as follows and concluded they warranted dismissal with prejudice:

> Alternatively, assuming dismissal under Rule 12(b)(6) for the reasons stated below were not appropriate, the Court would dismiss the complaint as to the Movants under Rule 8 with prejudice. The Tenth Circuit has stated that a district court may dismiss a complaint under Rule 8 with prejudice after considering the *Ehrenhaus* factors. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007). Specifically, "[t]hese criteria include (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.*

> *First*, Defendants have been prejudiced by the prolix 300-page complaint asserting allegations against dozens of defendants and third parties over a thirty-year period. As explained above and below, due to the prolixity of the complaint, it is difficult to determine the factual allegations relevant to each defendant, and whether Plaintiff has plausibly alleged each element of the RICO claim as to each defendant. "This court has long recognized that defendants are prejudiced by having to respond to pleadings as wordy and unwieldy as [the] pleading remains." *Nasious,* 492 F.3d at 1162–63 (addressing first *Ehrenhaus* factor as to Rule 8 violation).

> *Second*, Plaintiff's pleading has sufficiently interfered with the judicial process to warrant dismissal. As noted above, Plaintiff's 300-page complaint asserted against dozens of defendants, asserts many seemingly irrelevant facts which make it difficult to determine whether Plaintiff has stated a claim. The Tenth Circuit has noted that a prolix complaint interferes with the judicial process sufficient to satisfy the second *Ehrenhaus* factor. *Nasious*, 492 F.3d at 1162–63.

> *Third*, as to the third and fourth factors, Plaintiff is culpable and received sufficient warnings in advance. In the first round of motions to dismiss, defendants raised the prolixity issues. *See, e.g.,* Doc. 95 at 37 (explaining that Plaintiff's "prolix" allegations fail to identify specific acts of fraud by specific defendant and the circumstances surrounding those acts, lumping together dozens of defendants."). Thereafter, Plaintiff filed the First Amended Complaint. Although

Plaintiff amended its complaint without the court ruling on the first round of motions to dismiss, the first round of motions gave Plaintiff additional notice of the defects in its complaint. In the second round of motions to dismiss, Defendants again raised the prolixity issues and addressed Rule 8. Schein's Mot., Doc. 207 at 14-15. In response, Plaintiff did not request leave to amend the complaint to comply with Rule 8. *See* Pl.'s Resp., Doc. 234 at 114-116.

*Fourth*, as to the fifth *Ehrenhaus* factor Plaintiff does not propose lesser sanctions in the face of the motion to dismiss for Rule 8 violations, such as leave to amend. *Id.* Rather, Plaintiff asserts that the length of the complaint is necessary to adequately present its claim. Plaintiff has already amended its complaint following the first round of motions to dismiss.

Therefore, on alternative grounds discussed above, the Court concludes it is appropriate to dismiss Plaintiff's complaint under Rule 8 as to the Movants.

Mem. Op. & Order, Doc. 323 at 10-12.

In its Reply (Doc. 338), Plaintiff asserts for the first time, citing out of circuit cases, that a court may only dismiss a case with prejudice for a Rule 8 violation after the court gives the plaintiff multiple warnings. The Court rejects this argument. First, this is not a requirement under Tenth Circuit law. The Tenth Circuit has affirmed dismissing a case under the *Ehrenhaus* factors without a prior warning. *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1175 (10th Cir. 1995) (affirming district court's dismissal order which stated the reasons for dismissal despite court's failure to warn plaintiff of impending dismissal); *see also Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 n.5 (10th Cir. 2007) (in a case considering the application of *Ehrenhaus* to Rule 8, stating "we expect counsel to know the pleading rules of the road without being given personal notice of them by the district court."). Thus, Plaintiff's argument is directly contrary to controlling Tenth Circuit law as to counseled parties. *Nasious*, 492 F.3d at 1163 n.5.

Moreover, Plaintiff was warned twice of the Rule 8 deficiencies in two rounds of motions to dismiss. As the Court explained in its opinion:

13

In the first round of motions to dismiss, defendants raised the prolixity issues. *See, e.g.,* Doc. 95 at 37 (explaining that Plaintiff's "prolix" allegations fail to identify specific acts of fraud by specific defendant and the circumstances surrounding those acts, lumping together dozens of defendants."). Thereafter, Plaintiff filed the First Amended Complaint. Although Plaintiff amended its complaint without the court ruling on the first round of motions to dismiss, the first round of motions gave Plaintiff additional notice of the defects in its complaint. In the second round of motions to dismiss, Defendants again raised the prolixity issues and addressed Rule 8. Schein's Mot., Doc. 207 at 14-15. In response, Plaintiff did not request leave to amend the complaint to comply with Rule 8. *See* Pl.'s Resp., Doc. 234 at 114-116.

Mem. Op. & Order, Doc. 323 at 11.

Therefore, Plaintiff was warned twice of the Rule 8 deficiencies in two rounds of motions to dismiss and did not request leave to amend. A motion to dismiss serves an important function. It provides notice to a plaintiff of defects in the complaint, and provides an opportunity for the plaintiff to seek leave to amend to fix the defects. *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1173 n.4 (10th Cir. 2023) (noting that court need not grant pro se plaintiff leave to amend where a motion to dismiss was filed, distinguishing cases where court *sua sponte* screened and dismissed complaint); *see also Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991) (recognizing that a motion to dismiss provides a plaintiff notice and opportunity to amend complaint, as opposed to *sua sponte* dismissal). Dismissal of claims asserted by a counseled party following prior amendment, multiple rounds of motions to dismiss, and opportunities to amend is entirely different from circumstances in which a court *sua sponte* screens *pro se* prisoner complaints under 28 U.S.C. § 1915A. *Serna,* 58 F.4th at 1173 n.4*; see also Hall*, 935 F.2d at 1109–10. Therefore, where a motion to dismiss is filed, a district court need not *sua sponte* offer leave to amend or a warning before dismissing a case. *Serna*, 58 F.4th at 1173 n.4.

In response to two rounds of motions to dismiss, Plaintiff did not request leave to amend to fix the Rule 8 problem, but instead addressed the Rule 8 issue and doubled-down, asserting that the length of the complaint was *necessary* to present its claims. In response to the first round of

motions to dismiss, Plaintiff *increased* its complaint from 182 pages to 300 pages. Plaintiff is not *pro se* but is represented by highly sophisticated and experienced counsel. *Nasious*, 492 F.3d 1158, 1163 n.5 (10th Cir. 2007) ("we expect counsel to know the pleading rules of the road without being given personal notice of them by the district court."). Moreover, it is patently obvious that a 300-page complaint with approximately 1200 paragraphs of at times irrelevant allegations naming dozens of co-conspirators or unnamed third parties, group-pleading allegations, and asserting a RICO enterprise spanning thirty years violated Rule 8's "short and plain statement" requirement.

Moreover, notice is only one factor under *Ehrenhaus*.  Plaintiff did not discuss the other *Ehrenhaus* factors.

Therefore, Plaintiff has not shown clear error or manifest injustice.

### C.    Plaintiff has not demonstrated that alleged generalized "frustration" by Court is a basis to set aside judgment.

Finally, to the extent Plaintiff raises a generalized theory that the Court was allegedly 'frustrated' with the complaint and/or counsel, that does not warrant granting leave to amend or setting aside the judgment.[3] Generally, a court's explanation of deficiencies in a party's argument or pleading, as here, is not an expression of frustration. Rather, to rule on a motion a court must explain whether a party's pleading or argument meets or falls short of the relevant standard.

Even assuming it were an expression of frustration, Plaintiff does not cite to any case law that expression of frustration warrant setting aside a judgment. *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing to case law that expressions of frustration, even if stern or short-tempered or critical or hostile to a party, do not show bias or partiality) (citing *Liteky v.*

---

[3] Nor does the record reflect that the undersigned was frustrated with counsel, given that the Court praised counsel at a fairness hearing and approved hundreds of millions in attorneys' fees. *See* Fairness Hearing, March 4, 2025; Docs. 315-318 (orders approving attorneys' fees).

*United States,* 510 U.S. 540, 554–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)). As explained above, the Court cited to and explained principles of party presentation. The Court explained, by citing to controlling case law in the Tenth Circuit, that it was not *required* to search the record on behalf of a litigant. Mem. Op. & Order, Doc. 323 at 9-10. Plaintiff has not cited to any case law suggesting that applying principles of party presentation constitutes (1) prejudice and (2) warrants reconsideration or granting leave to amend a complaint. *See* Mot., Doc. 329 at 6-8. Rather, as the Tenth Circuit has explained, "[w]e have often reminded counsel that it is not the function of the court to comb the record in search of support for their arguments. Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Griebel*, 312 Fed. Appx. 93, 97 (10th Cir. 2008) (citation and quotation marks omitted); *see also Adler v. Wal-Mart Stores*, 144 F.3d 664, 672 (10th Cir. 1998) ("[W]e, *like the district courts*, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it.") (emphasis added). Therefore, Plaintiff has not demonstrated that relief is warranted under Rule 59.

### III.    The Court did not clearly err in its proximate causation analysis.

The Court alternatively dismissed Plaintiff's complaint for failure to state a claim as to proximate causation, for multiple independent reasons. Mem. Op. & Order, Doc. 323 at 12-26. Plaintiff disagrees with the Court's analysis, but does not establish clear error or manifest injustice. Therefore, the Court incorporates its extensive discussion of proximate causation herein and denies Plaintiff's motion to set aside as to proximate causation. *Id.*

Plaintiff asserts that the Court clearly erred in relying on a series of circuit-level cases which held that hospital-plaintiffs could not state proximate causation under a RICO claim for the costs of treating tobacco users. *Id.* at 17-18. Plaintiff alleges that the increased costs to hospitals

was more direct or foreseeable for opioid users than tobacco users. The Court is not persuaded, for the reasons asserted in the opinion. *Id.* at 12-26. Even if it were convinced that the tobacco cases were distinguishable, the Court included several other reasons why Plaintiff failed to state proximate causation, including the remoteness test under *Holmes*. *Id.* at 19.

Plaintiff asserts that the Court failed to adequately consider injures from "increased operating expenses" and "costs spent on opioids." Mot., Doc. 329 at 12. The Court disagrees. The Court considered Plaintiff's alleged increased operating costs caused by opioids and opioid users throughout the proximate causation analysis. Mem. Op. & Order, Doc. 323 at 12-26. The Court's entire proximate causation analysis in the opinion applies to Plaintiff's alleged damages for increased operating expenses. The Court listed Plaintiff's alleged damages, including increased operating expenses, and concluded that they merely described the increased costs of treating or interacting with opioid users. *Id.* at 14-15. The Court then analyzed proximate causation to Plaintiff's alleged categories of damages. *Id.* at 15-21. All of that reasoning applies to Plaintiff's alleged increased operating expenses damages. Moreover, the Court directly discussed Plaintiff's alleged operating expenses theory. *Id.* at 14-15, 16, 20. Finally, the Court addressed Plaintiff's opioid over-purchase theory. *Id.* at 21-24.

The Court thoroughly addressed proximate causation, and incorporates that analysis herein. *Id.* at 12-26. The Court concludes that Plaintiff has not established clear error or manifest injustice and denies Plaintiff's Motion to Amend Judgment.

## IV.    <u>The Court declines to reconsider the statute of limitations dismissal</u>.

The Court alternatively dismissed Plaintiff's complaint for a statute of limitations violation. In its Motion to Amend Judgment, Plaintiff asserts that the statute of limitations is tolled under *American Pipe* as to *five* of the eleven Defendants, CVS, Kroger, Schein, Walgreens, and Walmart,

and seeks to file an amended complaint as to those Defendants only.[4]  Plaintiff does not assert that

*American Pipe* tolls the statute of limitations as to claims against the other Defendants dismissed

in the Opinion, including:

- Publix Super Market, Inc.;

- Various pharmacy defendants, including Albertsons and Giant Eagle; and

- Hikma Pharmaceuticals, Inc. and Indivior, Inc.

*See* Mot., Doc. 329 at 14. Plaintiff asserts that a previously filed putative class action tolls the

claims against Defendants CVS, Kroger, Schein, Walmart, and Walgreens.  *See Southwest*

*Mississippi Reg'l Med. Ctr. et al., v. AmerisourceBergen Drug Corp., et al.,* No. 5:17-cv-145-KS-

MTP, ECF No. 1 (S.D. Miss. Nov. 30, 2017). Plaintiff asserts that case has been incorporated into

an MDL and has not proceeded to class certification. In its reply to the Motion to Amend Judgment,

Plaintiff asserts that it filed this case to get around what it perceives as delays in resolution of the

MDL case. Reply, Doc. 338 at 4. A*merican Pipe* established that "the commencement of the

original class suit tolls the running of the statute [of limitations] for all purported members of the

class who make timely motions to intervene after the court has found the suit inappropriate for

class action status." *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 553 (1974), *quoted in China*

*Agritech v. Michael H. Resh*, 584 U.S. 732, 739 (2018).

At issue is whether it is clear error or manifest injustice when a district court does not *sua*

*sponte* raise a tolling argument on behalf of a plaintiff, when that plaintiff had the opportunity to

raise the tolling argument in response to a motion to dismiss. The Court concludes that it did not

---

[4] Multiple Defendants raised statute of limitations issues in theirs motions to dismiss, including Schein.  Doc. 207.
The Pharmacy Defendants, including CVS, Kroger, Walgreens, and Walmart joined Schein's statute of limitations
argument. Doc. 208 at 38.

commit clear error or manifest injustice when it did not *sua sponte* raise tolling on behalf of Plaintiff under the circumstances of this case.

Defendants moved to dismiss the case for a statute of limitations violation. However, Plaintiff did not raise *American Pipe* tolling, either in its 300-page complaint or in its 100 page response to the motion to dismiss.  Moreover, Plaintiff has not explained or addressed in the Motion to Amend Judgment why it chose not to raise *American Pipe* tolling in its response to the motions to dismiss.

However, "[Rule 59(e)] may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted).  Additionally, Rule 59 "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Servants of Paraclete*, 204 F.3d at 1012 (filing a motion pursuant to Rule 59 is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing."); *see also Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) ("a Rule 60(b) motion is not an appropriate vehicle to advance new arguments or supporting facts that were available but not raised at the time of the original argument."); *Hamstein Cumberland Music Grp. v. Williams*, 556 F. App'x 698, 703 (10th Cir. 2014) ("Similarly, motions under Rule 59 are not vehicles to advance arguments that could have been raised in prior briefing."); *Steele v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993) ("Rule 59(e) cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment.").

In their response to the Motion to Amend Judgment Defendants cited to out-of-circuit case law suggesting that a party may not raise tolling, including *American Pipe* tolling, for the first time after judgment. Doc. 332 at 12. Plaintiff distinguishes these cases, pointing out that those other circuit courts disregarded the tolling arguments because they were raised for the first time on appeal, not in a Rule 59(e) motion before the district court. Doc. 338 at 6. However, this distinction appears to be irrelevant in the Tenth Circuit. Generally, in the Tenth Circuit arguments raised for the first time post-judgment are not considered under Rule 59 *or* on appeal. For example, the Tenth Circuit rejected considering on appeal an argument raised for the first time in a Rule 59(e) motion:

> Mr. Jordan did argue that the district court should have reviewed the BOP's alleged regulatory violations independently of the APA, but he did so for the first time in his Motion to Alter or Amend Judgement pursuant to Rule 59(e).
>
> A Rule 59(e) motion "cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment." *Steele v. Young,* 11 F.3d 1518, 1520 n. 1 (10th Cir.1993); *see also Grynberg v. Total, S.A.,* 538 F.3d 1336, 1354 (10th Cir.2008). Given the timing of Mr. Jordan's presentation of this argument, we decline to consider it. *See Steele,* 11 F.3d at 1520 n. 1 (declining to address an argument on appeal raised for the first time in a Rule 59(e) motion); *see also Holland v. Big River Minerals Corp.,* 181 F.3d 597, 605 (4th Cir.1999) ("[A]n issue presented for the first time in a motion pursuant to Federal Rule of Civil Procedure 59(e) generally is not timely raised; accordingly, such an issue is not preserved for appellate review....").

*Jordan v. Wiley* 411 Fed. Appx 201 n.9 (10th Cir. 2011)(citing *Steele v. Young,* 11 F.3d 1518, 1520 n. 1 (10th Cir.1993) (declining to address an argument on appeal raised for the first time in a Rule 59(e) motion)); *see also Grynberg v. Total, S.A.,* 538 F.3d 1336, 1354 (10th Cir. 2008) (declining to consider argument on appeal raised for first time in Rule 59(e) motion).

Moreover, district courts are not *required* to make arguments on behalf of a party. Rather, as the Tenth Circuit has explained, "[w]e have often reminded counsel that it is not the function of the court to comb the record in search of support for their arguments. Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Griebel*, 312 Fed. Appx. 93, 97 (10th Cir.

2008) (citation and quotation marks omitted); *see also Adler v. Wal-Mart Stores*, 144 F.3d 664, 672 (10th Cir. 1998) ("[W]e, *like the district courts*, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it.") (emphasis added); *see also United States v. Kravchuk*, 335 F.3d 1147, 1153 (10th Cir. 2003) ("We cannot make a party's arguments for him").

Defendants assert that Plaintiff *chose* not to assert *American Pipe* tolling because doing so would raise the prospect of dismissal under the first to file doctrine. The Court agrees. Had Plaintiff raised *American Pipe* tolling, and alerted the court that RICO claims were already asserted against defendants in this case in the *Southwest Mississippi* case, the parties and the Court would have likely analyzed whether to dismiss this class action under the first to file doctrine. Plaintiff does not explain or address why *American Pipe* tolling was not raised, and it was probably a strategic decision.

Here, Plaintiff raises its tolling argument for the first time in a Rule 59(e) motion and does not explain why.  Plaintiff has not cited to any controlling law in the Tenth Circuit holding that a district court is required to raise a tolling argument on behalf of a party. Therefore, it is not clear error or manifest injustice when a district court does not *sua sponte* raise a tolling argument on behalf of a party when a defendant moves to dismiss for violation of the statute of limitations.

Plaintiff asserts that the Court took judicial notice of the prior class action in its Opinion. *See Sw. Miss. Reg'l Med. Ctr. et al. v. AmerisourceBergen Drug Corp., et al.*, No. 5:17-CV-145-KS-MTP, ECF 1 (S.D. Miss. Nov. 30, 2017).  The Court did not take judicial notice of the entire docket or all filings in that case. Even assuming it did, neither the docket nor the complaint in the *Southwest Mississippi* case identified the five defendants at issue here as defendants. The *Southwest Mississippi* case was filed on November 30, 2017. The case was promptly transferred

to the MDL and the Northern District of Ohio and closed in December 2017. *Id.,* ECF 27. In its

Opinion, the Court cited to the docket for the *Southwest Mississippi* case filed in the Southern

District of Mississippi, not in the Northern District of Ohio. *See* Mem. Op. & Order, Doc. 323 at

36. When the *Southwest Mississippi* case was originally filed in the Southern District of

Mississippi, none of the Defendants to which Plaintiff seeks to apply *American Pipe* were

defendants in that case, and therefore were not reflected either in the complaint filed (ECF 1) on

that docket or on the docket sheet. Those Defendants were not included in that case until years

later, in March 2019 in an amended complaint, which was filed in the MDL case in the Northern

District of Ohio. In its Opinion the Court did not take judicial notice of the entire MDL docket or

the Northern District of Ohio docket. Therefore, the Court did not take judicial notice of facts

which would have alerted the Court that *American Pipe* tolling might apply, as those facts were

not reflected on the docket. Even assuming the Court took judicial notice of the operative facts,

Plaintiff still does not explain how that would excuse Plaintiff's failure to raise *American Pipe*

tolling.[5]

## V.     Alternatively, the Court would deny Plaintiff's Motion for Leave to Amend under Fed. R. Civ. P. 15.

Alternatively, the Court would deny Plaintiff leave to amend to file the Second Amended

Complaint because of undue delay or the other reasons noted below.

---

[5] Alternatively, only assuming *American Pipe* tolling applies despite not being raised, the Court concludes that the complaint remains untimely. Plaintiff asserted that the claims were tolled beginning March 11, 2019, when the five defendants were added as defendants by way of an amended complaint to the *Southwest Mississippi* class action. Assuming, as Plaintiff argues, that tolling under *American Pipe* would begin on March 11, 2019 for the claims asserted against Defendants CVS, Kroger, Schein, Walgreens, and Walmart, the Court concludes that the statute of limitations began running more than four years before that date, for the reasons stated in the Court's prior opinion.

22

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." "Refusing leave to amend is generally only justified upon a showing of *undue delay*, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (emphasis added).

In deciding whether a delay is "undue," the Tenth Circuit "focuses primarily on the reasons for the delay." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1206 (10th Cir. 2006). "We have held that denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.' " *Id.* (quoting *Frank,* 3 F.3d at 1365–66).

The focus of the undue delay inquiry in the Tenth Circuit is the explanation for the delay. However, "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time. The longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Minter*, 451 F.3d at 1205 (internal citations and quotation marks omitted).

As explained above, this matter went through two rounds of motions to dismiss. In response to the first round of motions to dismiss, Plaintiff filed a First Amended Complaint which increased the page count from 182 to 300 and did not attempt to correct the Rule 8 deficiencies in the complaint. Defendants subsequently filed a second round of motions to dismiss. Instead of seeking leave to amend, Plaintiff filed a 100-page response. Plaintiff did not request leave to amend until after the Court ruled on the motions to dismiss.

Plaintiff waited to seek leave to file a second amended complaint until after the Court ruled on the motions to dismiss. Plaintiff does not provide an explanation for the delay. To the extent

Plaintiff asserts it need not request leave to amend in response to a motion to dismiss, the Court disagrees. As explained above, a motion to dismiss provides notice of defects in a complaint and provides an opportunity for a plaintiff to seek leave to amend. *Serna v. Denver Police Dep't,* 58 F.4th 1167, 1173 n. 4 (10th Cir. 2023). The Court dismissed on the grounds raised in the motions to dismiss. Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint "a moving target…to salvage a lost case by untimely suggestion of new theories of recovery… to present theories seriatim in an effort to avoid dismissal, or to knowingly delay[ ] raising [an] issue until the 'eve of trial…" *Minter*, 451 F.3d at 1206 (internal citations and quotation marks omitted). Therefore, the Court denies Plaintiff leave to amend for undue delay, failing to provide an explanation for the delay, or for the above reasons described in *Minter. Id.*

**VI.**    **The Court need not address Plaintiff's other claims of error.**

The Court also dismissed Plaintiff's complaint on other independent grounds, that is, that (1) Plaintiff failed to plausibly allege predicate acts supporting a RICO claim and (2) failed to plausibly allege a RICO conspiracy. Plaintiff argues that the Court erred in dismissing on these grounds. Because the Court concludes it did not clearly err as to several independent grounds for dismissal as explained above, it need not address whether it erred in dismissing for failure to state a claim as to a RICO conspiracy or failure to plausibly allege predicate acts supporting a RICO violation.

**CONCLUSION**

For the reasons stated above, the Court finds that Plaintiff has not demonstrated clear error or manifest injustice warranting setting aside the judgment of dismissal. Plaintiff's Motion to Amend Judgment is therefore denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Judgment and for Leave to File a Second Amended Complaint (**Doc. 329**) is **DENIED**.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE